■ In the Matter of the Claim of MICHAEL KAPUSCINSKI, Respondent, against JOHN P. PICONE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The claimant, who was employed as a night watchman, was assaulted by two men, beaten and robbed. The claimant told different versions of what had occurred, stating first that he had left the job site to get coffee and had returned when the assault occurred and then that he had gone into a tavern for coffee, had a bottle of coca cola because they did not serve coffee and when he came out and started back he was assaulted. Originally the board made an award and this court reversed because the carrier had not been permitted an adjournment so that it might attempt to show that a restaurant nearer the construction site had been open (1 A D 2d 863) and that therefore claimant had deviated from his employment. At the subsequent hearings, among other things, it was shown that the restaurant to which the carrier was referring was right across the street from the tavern into which the claimant had gone. This restaurant customarily closed at 12:30 A.M. The findings of the board show that the assault took

place at 1:00 A.M. There was other evidence in the record that it had taken place before 12:30 A.M. The board, however, could find even assuming that the restaurant was open at the time, that the claimant had not deviated from his employment because the restaurant was across the street from the tavern and not several blocks nearer the construction site. There was evidence that the claimant had permission to go for coffee and the board found that he went into the tavern on this night in question for coffee. Although the claimant made inconsistent statements and the case is a doubtful and close one upon which reasonable minds could differ sharply (as did the Referee in disallowing the claim after remittal) the questions of credibility and fact were for the board and in our view there was substantial evidence in the record to support the result. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.